IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00212-MSK-BNB

CONSUMER CRUSADE, INC., a Colorado corporation,

      Plaintiff,

v.

INTERNET PAYPHONE CORPORATION, a Florida corporation,
Its Officer(s) and Director(s), and
REID MILLER,

      Defendants.

_____

### OPINION AND ORDER DISMISSING ACTION
_____

**THIS MATTER** comes before the Court *sua sponte*.

The Plaintiff, a Colorado corporation, contends that the Defendants have violated the Telephone Consumer Privacy Act, 42 U.S.C. § 227(b) ("TCPA"), by sending unsolicited advertisements by fax. That Act provides that " It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The Plaintiff does not claim to have received any unsolicited fax transmissions itself; rather, it alleges that it "has been assigned claims based upon those violations from numerous Colorado residents and businesses." This Court previously stayed **(# 11)** this action, pending the 10th Circuit Court of Appeals' decision on issues of standing and subject-matter jurisdiction.

In *U.S. Fax Law Center, Inc. v. IHIRE, Inc.*, ___ F.3d ___, 2007 WL 404696 at * 5-6 (10th Cir. February 7, 2007), the 10th Circuit held that Colorado law bars the assignment of claims

under the TCPA, and thus, parties whose TCPA claims arose solely by virtue of assignment, such as the Plaintiff here, lacked standing to maintain claims under that Act. Adequate standing is essential to invoking the authority of the federal courts, *DaimlerChrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1861 (2006), and the failure of a Plaintiff to establish sufficient standing warrants dismissal of the action. Standing presents a threshold question of jurisdiction that the Court must address *sua sponte*. *Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005).

Although ordinarily, the Court would direct the Plaintiff to show cause why this case should not be dismissed for lack of standing as a result of *U.S. Fax Law Center*, the Court finds that such a process is needlessly belabored here, given that the facts demonstrating the Plaintiff's lack of standing are clear in the Complaint, *see Docket* # 1 at 1 ("Plaintiff has been assigned claims . . . from numerous Colorado residents and businesses"), and the applicability of *U.S. Fax Law Center*'s analysis here is incontrovertible. Accordingly, the Complaint **(# 1)** is **DISMISSED** for lack of standing. The Clerk of the Court is directed to close this case.

Dated this 13th day of February, 2007

                                  **BY THE COURT:**

                                  Marcia S. Krieger
                                  United States District Judge